Philip H. Gottfried
Marc Jason
Holly Pekowsky
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York  10016
(212) 336-8000
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - x

KLAUBER BROTHERS, INC.,

    Plaintiff,

  v.

MAIDENFORM, INC., KOHL'S
CORPORATION, and KOHL'S DEPARTMENT
STORES, INC.

    Defendants.

- - - - - - - - - - - - - - - - - - - - x

Civil Action No. 12-CV-8193 (PGG)

ECF Case

## SECOND AMENDED COMPLAINT

Plaintiff Klauber Brothers, Inc., ("Klauber" or "Plaintiff") for its Complaint against Maidenform, Inc. ("Maidenform"), Kohl's Corporation ("Kohl's Corporation"), Kohl's Department Stores, Inc. ("Kohl's Department Stores"), and their subsidiaries (all collectively, "Defendants"), alleges as follows:

    1.  This Complaint arises under the U.S. Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.  Jurisdiction is vested in this Court for this Complaint under 28 U.S.C. §§ 1331 and 1338 (a).

547941.4

2. Venue is proper in this district for this Complaint under 28 U.S.C. § 1391 in that Defendants reside in this district, and a substantial part of the events or omissions giving rise to the claims asserted in this Complaint against Defendants occurred in this district. Further, the harm to Plaintiffs from the acts of Defendants alleged in this Complaint occurred in this district.

## THE PARTIES

3. Klauber is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 980 6th Avenue, 2nd Floor, New York, New York 10018.

4. Maidenform is, upon information and belief, a corporation organized and existing under the laws of the State of New York, with its principal place of business at 485F U.S. Highway 1 South, Iselin, New Jersey 08830.

5. Kohl's Corporation is, upon information and belief, a corporation organized and existing under the laws of the State of Wisconsin, having a principal place of business at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin, 53051. Upon information and belief, Kohl's Corporation is the owner of various subsidiary corporations which are directly responsible for the wrongful acts complained of herein. In virtue of its ownership of such subsidiaries, Kohl's Corporation is ultimately responsible for such wrongful acts. Kohl's Corporation and such subsidiary corporations are hereinafter collectively referred to herein as "Kohl's Corporation."

6. Kohl's Department Stores is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware, having a principal place of

business at N56 West 17000 Ridgewood Drive, Menomonee Falls, Wisconsin, 53051. Kohl's Department Stores is, upon information and belief, a subsidiary of Kohl's Corporation. Upon information and belief, Kohl's Department Stores is the owner of various subsidiary corporations which are also directly responsible for the wrongful acts complained of herein. In virtue of its ownership of such subsidiaries, Kohl's Department Stores is ultimately responsible for such wrongful acts.

## FACTS

7. Klauber is, and since 1859 itself or through a predecessor-in-interest, has been engaged in the design, manufacture and sale of knit lace fabrics of original and distinctive design and has, over the past decades, earned a well deserved and enviable reputation in the trade for providing unique and original lace fabric designs of high quality. Klauber sells its lace fabric designs within this judicial district, throughout the United States of America and throughout the world.

8. In or about 1991, designs in lace were created which Klauber designates as design numbers 7087; 7088; and 7089.

9. Said lace fabric designs each contain material which is wholly original and is copyrightable subject matter under the laws of the United States of America.

10. In 1991, Klauber's 7087; 7088; and 7089 lace fabric designs were published.

11. Since the publication date of the 7087; 7088; and 7089 lace fabric designs, all of the provisions of Title 17 of the United States Code, and all of the laws governing copyright have been duly complied with by Klauber which applied to register the claims to

copyright in the 7088 and 7089 lace fabric designs, and Certificates of Copyright Registration have been duly received by Klauber from the Register of Copyrights pertaining to said pattern Nos. 7088 and 7089. Said Certificates of Registration have been supplemented. Lace fabric design No. 7087 is a derivative work with respect to the 7088 lace fabric.

12. Klauber is, and for all times relevant hereto has been, the sole proprietor of all right, title and interest in and to the copyright in said lace fabric design Nos. 7087; 7088; and 7089.

13. A photostatic copy of a portion of said lace fabric design Nos. 7087; 7088; and 7089 are annexed hereto and identified as "Complaint Exhibits A, B and C."

14. A photostatic copy of the Copyright Registration Certificate obtained by Klauber for the lace fabric design No. 7088 is annexed hereto and identified as "Complaint Exhibit D" and a photostatic copy of the supplementation of the Copyright Registration Certificate for the lace fabric design No. 7088 is annexed hereto and is identified as "Complaint Exhibit E."

15. On April 27, 2012, Klauber, through the efforts of the undersigned, electronically filed an application to register the claim to copyright in its lace fabric design No. 7087. A copy of that application and accompanying lace fabric representations are annexed hereto and collectively identified as "Complaint Exhibit F." On or about Friday, May 11, 2012, Registration Specialist Wilber King of the Visual Arts Division of the U.S. Copyright Office advised the undersigned that he had compared lace fabric design Nos. 7087 and 7088 and that he couldn't tell the difference. He further stated that the Copyright Office does not register changes in size or format of a previously-registered work. He requested that Klauber's attorneys "point

out the specific differences between the two [works because he] just can't see any." A copy of Mr. King's e-mail to Klauber's undersigned attorney that filed the application of Exhibit F is annexed hereto and identified as "Complaint Exhibit G." The response of Klauber's attorney to Mr. King is annexed hereto and identified as "Complaint Exhibit H." By a letter of May 15, 2012, the U.S. Copyright Office formally refused registration of the claim to copyright of Klauber's lace fabric design No. 7087 on the grounds that nothing is contained therein "that was not already registered via the "'Pattern 7088.'" A copy of that May 15, 2012 refusal of registration is annexed hereto and identified as "Complaint Exhibit I."

      16.    Subsequent to the publication by Klauber of its lace fabric design Nos. 7087; 7088; and 7089, Maidenform and one or more of Kohl's Corporation and Kohl's Department Stores infringed Klauber's copyrights in such fabric designs by importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising, copies of said lace fabric designs or by causing and/or participating in such importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising thereof, all in violation of the rights of Klauber under Section 106 of the Copyright Law, title 17 of the United States Code. Photostatic copies of parts of several infringements of said lace fabric design Nos. 7087 and 7088 which the Defendants either manufactured or had manufactured for it and sold, are annexed hereto and are identified as "Complaint Exhibits J, K. L and M." A photostatic copy of both Klauber's lace fabric design No. 7087 and one of Maidenform's infringements thereof is annexed hereto and is identified as "Complaint Exhibit N," and a photostatic copy of Klauber's lace fabric design No. 7087 and of another one of Maidenform's infringements is annexed hereto and identified as "Complaint Exhibit O." A photostatic copy of

at least a part of one infringement of said lace fabric design Nos. 7087 and 7088 which Kohl's Corporation or Kohl's Department Stores either manufactured or had manufactured for it and sold, is annexed hereto and is identified as "Exhibit P."

17. Klauber has notified Maidenform and Kohl's Corporation, and Kohl's Department Stores that they have infringed the copyrights of Klauber of Exhibits A and B by their fabric designs of Exhibits J, K, L, M, and P, and upon information and belief, the Defendants and/or customers has/have continued to infringe such copyrights and such infringements continue to be available at retail.

18. Upon information and belief, Kohl's Corporation is the parent corporation of Kohl's Department Stores, so that Kohl's Corporation controls the conduct of Kohl's Department Stores. Furthermore, Kohl's Corporation has a financial interest in the exploitation of any goods sold by Kohl's Department Stores. Kohl's Corporation is therefore vicariously liable for any copyright infringement committed by Kohl's Department Stores.

19. Upon information and belief, Kohl's Corporation is the parent corporation of Kohl's Department Stores, Kohl's Corporation knew of conduct by Kohl's Department Stores, including conduct relating to copyright infringement. Because Kohl's Corporation allowed Kohl's Department Stores to carry on with infringing Klauber's lace designs, Kohl's Corporation is contributorily liable for infringement committed by Kohl's Department Stores.

20. All of the Defendants' acts as set forth herein, were performed without the permission, license or consent of Klauber.

21. Plaintiff Klauber has been damaged by the acts of Maidenform, Kohl's Corporation, and Kohl's Department Stores alleged in this Complaint in an amount not as yet

known, but believed to be in excess of One Million Dollars ($1,000,000.00). The activities of Maidenform, Kohl's Corporation, and Kohl's Department Stores as alleged herein are further and continuously damaging Klauber in a manner with respect to which Klauber has no adequate remedy at law.

WHEREFORE, Plaintiff Klauber demands:

A. A preliminary and permanent injunction restraining, enjoining and prohibiting Defendants Maidenform and Kohl's Corporation, Kohl's Department Stores, and their officers, servants, agents, employees, attorneys and representatives, and each of them, and those persons in active concert or participation with it or them from infringing the copyrights of Plaintiff Klauber including as evidenced by certificate of copyright registration numbers VA 479 838 and VA 1-431-512 including, but not limited to, preventing them from importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising copies or infringements of such lace fabric designs or by causing and/or participating in such importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising by others.

B. That Defendant Maidenform be required to recall from all recipients thereof and deliver to Plaintiff Klauber for destruction, all copies or infringements of Plaintiff Klauber's copyrighted lace fabric designs used for infringement of the copyrights therein, as well as all molds, stencils,

plates, or other materials for making such infringing matter in the possession or under the control of Defendant Maidenform or any of its agents, servants, employees, attorneys or other persons in privity with it or them.

C. That Defendants be required to pay to Plaintiff Klauber such damages as Plaintiff Klauber has sustained in consequence of the infringement by Defendants of Plaintiff Klauber's copyrighted fabric designs and to account for all gains, profits and advantages relative to such infringements to be allowed Plaintiff Klauber by the Court or, in the alternative at its election, to award Klauber statutory damages.

D. That Plaintiff Klauber have such other and further relief as this Court may deem just and appropriate.

E. That Defendants Maidenform and Kohl's Corporation, and Kohl's Department Stores be required to pay Plaintiff Klauber's attorneys' fees and costs in this action.

AMSTER, ROTHSTEIN & EBENSTEIN LLP<br>
Attorneys for Plaintiff<br>
90 Park Avenue<br>
New York, NY  10016<br>
212-336-8000 (main)<br>
212-336-8001 (facsimile)<br>
pgottfried@arelaw.com (e-mail)<br>
<br>
Philip H. Gottfried

Dated: New York, New York
July 16, 2013

547941.4

8